In the Matter of the Arbitration between W. R. GRACE & Co., Respondent, and PAN AMERICAN WORLD AIRWAYS, INC., Appellant.

Appeal from an order of the Supreme Court at Special Term, entered March 25, 1952, in New York County, which (1) denied a motion by appellant for an order staying arbitration and for a trial of the issue as to the making of a contract to arbitrate, and (2) granted a cross motion by respondent for an order directing appellant to proceed with arbitration.

*Per Curiam.* Although not specifically referring to paragraph 3 of the parties' agreement of July 30, 1946, it is clear from the wording of the notice of intention to arbitrate that arbitration was sought under that paragraph, and that Grace regarded the posed question of whether the dissatisfaction of Pan American with the conduct of the affairs of Pan American-Grace Airways, Inc., voiced in a certain matter before the Civil Aeronautics Board, was "reasonable", as an arbitrable issue under said paragraph.

We do not believe such an issue is made arbitrable under paragraph 3. Paragraph 3 is precise in its provisions as to the kind of issue which may be raised thereunder and as to how it may be raised. It is not a general arbitration clause, such as paragraph 9 of the agreement, but is a specific provision for determining complaints that might be made by Pan American concerning the management of Pan American-Grace Airways, Inc., by Grace. It contemplates and requires notice of the specific respects in which Pan American is dissatisfied with the Grace management, and then provides that Grace shall remedy the matters unless it is of the opinion that Pan American's dissatisfaction is unreasonable, in which event the matter shall be referred to arbitration. Any issue thus tendered for arbitration would not be the reasonableness or unreasonableness of Grace's opinion, but what determinative action should be taken with reference to Pan American's specific complaint.

Grace suggests that it may turn the table under this provision of the agreement and, without any notice from Pan American of any specific complaint or demand for correction, that Grace may require an arbitration as to the "reasonableness" of Pan American's expressions or actions in some other form. We hold that in neither form nor substance was such an arbitration contemplated by paragraph 3.

This does not at all mean that Grace may not have arbitration of complaints against Pan American under their contract relating to the operation of Pan American-Grace Airways, Inc. They may have arbitration under the general arbitration provisions of paragraph 9 of the agreement. Under that provision, however, some specific and definite issue or subject of arbitration would have to be raised — nothing so vague and nebulous as whether views expressed at a hearing are reasonable.

It may not seem or be important whether an arbitration takes place under paragraph 3 or paragraph 9 of the agreement, but what is important and essential in either case is that a clear cut and sufficiently defined and tangible issue be raised. That is essential in any arbitration and was clearly the requirement of the particular arbitration agreement involved in this proceeding.

The order appealed from should be reversed, with $20 costs and disbursements to appellant, and the motion to stay arbitration granted, without prejudice to the institution of a new arbitration proceeding in accordance with the views expressed in this opinion.

Peck, P. J., Van Voorhis, Shientag and Heffernan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to appellant, and the motion to stay arbitration granted, without prejudice to the institution of a new arbitration proceeding in accordance with the opinion herein. Settle order on notice.